*Craddock, Slacker, for appellant.*

*James, for appellee.*

---

## J. W. HENSLEY v. JOHN PRINCE.

**Slander—Plea of Justification—Introduction of Evidence—Conclusion of Argument.**

In an action for slander, the defendant confessed by his answer, the allegations of the petition, that he had imputed to the plaintiff the crime of perjury. Therefore, it was incumbent on him to make out the truth of his justification. The exact form of the words containing the charge were immaterial, so that the substance were proven. Under such state of facts the defendant was entitled to introduce his evidence and then to the conclusion of the argument and this is not relieved because plaintiff introduced his evidence first.

**Instruction—Slander—Evidence.**

Where there is a contrariety of evidence in an action for slander, the question is one fact peculiarly within the province of the jury, and they should be instructed that if they believe from the evidence, plaintiff denied the malice, but truthfully explained the arrest, its manner, and the part he took in it, they should find for him.

20

Same.

> Defendant had a right to an instruction predicated on the jury's belief of the evidence presented by him as to his justification, and if the jury should consider this as over-balancing plaintiff's evidence, to find accordingly.

Amended Answer After Evidence Closed—Pleadings.

> A defendant may, after the evidence is all closed, amend his answer so as to conform to the proof.

APPEAL FROM LAWRENCE CIRCUIT COURT.

January 23, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee recovered a verdict and judgment against appellant in an action of slander, for $1,000, which the court refused to set aside, and from which he prosecutes this appeal.

There was no evidence offered to sustain the action as set out in the original petition, therefore, on a plea of not guilty, the jury were properly directed to find for defendant as to it.

To the amended petition, correctly setting out the action, wherein and before what officer the plaintiff testified, and that of and concerning his evidence in such cause, the defendant charged him with perjury, etc., setting out the words alleged to have been spoken in three several forms, to wit: That plaintiff "swore a n-d unanimous lie," "he swore a n-d lie," "he swore a n-d yellow stinking lie."

The defendant answered denying that he spoke the words as stated in the petition, but he then goes on to state the trial as set out in this amended petition, and that plaintiff was a witness and in his evidence made certain alleged statements which were false and untrue, and that of and concerning the said plaintiff and his oath he did as he lawfully might, say *"that plaintiff had sworn to a lie."*

The gist of the action was the imputing to plaintiff the infamous crime of perjury, the exact form of the words containing this charge was immaterial, so that the substance were proven.

The defendant confessed that the trial had occurred and that plaintiff had testified as alleged by him, and that defendant had accused him of swearing a lie on such trial, thus confessing he had

imputed to the plaintiff the crime of perjury; had no witness testified for either party, the plaintiff would unquestionably have been entitled to a judgment on defendant's own answer; therefore, it was incumbent on the defendant to make out the truth of his justification, and hence he was entitled first to introduce his evidence and then to the conclusion of the argument, as provided in sub-division 3 and 6 of Sec. 347, Civ. Code. The court erred in refusing the defendant the concluding argument, and this is not relieved because plaintiff introduced his evidence first.

There was a contrariety of evidence as to what plaintiff did state as a witness on the alleged trial, and whether his denial, when interrogated as to whether he had not maliciously arrested or caused defendant's previous arrest, meant to negative the malice only, or negatived the arrest, the witnesses are not agreed; this question is one of fact peculiarly within the province of the jury, they should have been told, therefore, that if they believe from the evidence plaintiff denied the malice but truthfully explained the arrest, its manner, and the part he took in it, they should find for him. The first instruction given to plaintiff does not correctly present this view; still it has done the defendant no injury, as the error was against the plaintiff. But the defendant had a right to an instruction predicated on the jury's belief of the evidence presented by him as to his justification, and if the jury should consider this as overbalancing plaintiff's evidence to find accordingly, and presented an apt and concise instruction to this effect, which the court erroneously refused, and for this and the refusing appellant the concluding argument, the judgment must be reversed.

The defendant after all the evidence was concluded proposed to amend his answer by inserting certain words to make the pleadings more accurately conform to the evidence, which the court rejected. We would not say this was an abuse of the sound discretion vested in the court, and certainly could not reverse for this, but as the judgment must be reversed for other errors, on the return of the cause the proposed amendments should be allowed as making the pleadings conform to the real case, and in no wise calculated to surprise the plaintiff.

Judgment reversed, and cause remanded for a new trial, and further proceedings in accordance herewith.

*Irelana,* for appellant.

*Moore,* for appellee.